IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SKYLER GRIEBEL, | Cause No. CV 23-88-BLG-SPW |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA AND THE DISTRICT COURT FOR THE SIXTH JUDICIAL DISTRICT, PARK COUNTY, STATE OF MONTANA, HON. RAY J. DAYTON, | |
| Respondents. | |

Petitioner Skyler Griebel, a pretrial detainee incarcerated at the Park County

Detention Center, filed a petition for a writ of habeas corpus brought under 28

U.S.C. § 2254. (Doc. 1.) Griebel is represented by counsel in this matter.

On February 8, 2022, Griebel was arrested and charged with Deliberate

Homicide. He is charged in the alternative with Felony Murder. (Doc. 1 at 8); *see*

*also* (Doc. 1-2 at 4.) Griebel's jury trial is scheduled for September 11, 2023, in

Montana's Sixth Judicial District, Park County. (Doc. 1 at 32.) Hon. Ray J.

Dayton is presiding over the state criminal proceedings. The Court has reviewed

the docket for the underlying proceedings[1] and observes that Griebel's criminal

---

[1] Proceedings, including orders and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue. *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011). This Court takes judicial notice of the docket in *State v. Griebel*, Cause

matter has been vigorously litigated, including the issues that are raised in the present petition.

In his petition, Griebel alleges: (1) the State of Montana has denied him an evidentiary hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978),[2] in contravention of clearly established federal law; and (2) the Montana Supreme Court unlawfully denied his motion to disqualify Judge Dayton following the judge's public reprimand and thirty-day suspension by the Judicial Standards Commission. Griebel asserts he has exhausted his state remedies and is without further state corrective processes, thus, jurisdiction is proper this Court. (Doc. 1 at 5-7.)

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." As discussed below, there are several problems with Griebel's present filing. The petition will be dismissed.

---

No. DC-22-33 (Sixth Judicial District, Park County). For purposes of clarity, the Clerk of Court will be directed to attach a copy of the state court Register of Actions to this Order.

[2] A *Franks* hearing determines "the validity of the affidavit underlying a search warrant." *United States v. Kleinman*, 880 F. 3d 1020, 1038 (9th Cir. 2017). A defendant is entitled to such a hearing if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56; *United States v. Craighead*, 539 F. 3d 1073, 1080 (9th Cir. 2008).

i.     **Background**

Following his arrest, Griebel was issued a citation for Deliberate Homicide.

The citation was filed in the Park County Justice Court and was accompanied by a

one-page unsigned and unsworn statement. (Doc. 1 at 5.)  Although the Justice

Court scheduled a preliminary hearing, on March 10, 2022, the matter was filed

directly in the District Court via an Information and an Affidavit of Probable

Cause.  (*Id.* at 8.)  No preliminary hearing was held.  Griebel subsequently filed a

motion to dismiss and requested a *Franks* hearing in order to challenge the

information contained in the charging documents.  (*Id.* at 9.)

Griebel asserted the Affidavit of Probable Cause contained intentional

material omissions of exculpatory information and included misinformation which

was detrimental to the district court's determination of probable cause.  (*Id.* at 9-

12.)  Judge Dayton expressed his view that under Montana law, a *Franks* hearing

applies only to an application for a search warrant and does not extend to a

charging document challenge.  (*Id.* at 13); *see also* (Doc. 1-2 at 5-12.)  Griebel

argued that because the Information at issue resulted in an arrest warrant which

required probable cause, a hearing under *Franks* was appropriate.  (*Id.* at 13.)  The

district court disagreed, finding that under present state law, there was no

contemplation that the *Franks* procedure applied to an affidavit for probable cause

to file an information.  The Court declined to extend the *Franks* procedure without

3

explicit authority to do so.  Griebel's request for a *Franks* hearing was denied.  *See e.g.*, Or. (Doc. 1-1 at 23-25.)

Griebel then filed a petition for a writ of supervisory control, requesting the Montana Supreme Court direct the Judge Dayton to hold a hearing on Griebel's motion to dismiss pursuant to *Franks v. Delaware*.  (Doc. 1-1 at 26-42.)  The Court determined Griebel failed to show that the normal appellate process would be inadequate in his case.  Accordingly, he failed to make the threshold showing for a writ of supervisory control as required under M. R. App. P 14(3).  The petition was denied and dismissed.  *See Griebel v. Sixth Judicial District Court*, OP 23-0158, Ord. (March 21, 2023); *see also* (*Id*. at 43-44).[3]

Griebel also filed a motion to disqualify Judge Dayton from presiding over the case on the basis that he had been sanctioned for judicial impropriety and that he was not acting in a fair and impartial manner in Griebel's case.  *See* Mtn. (Doc. 1-1 at 49-55); *see also*, Aff. of Rebsom (*Id*. at 56-72.)  Griebel, via counsel, filed a similar motion to disqualify in the Montana Supreme Court.

On June 13, 2023, the Montana Supreme Court summarily denied Griebel's motion.  Following review of the motion, transcripts, and affidavit in support, the

---

[3] The Court notes that the Montana Supreme Court has recently denied similar writs for supervisory control, in which the petitioners were seeking to have the Court direct the district court to hold *Franks*-type hearings on their motions to dismiss. *See Ford v. Montana First Judicial District Court,* OP-23-0195, Or. (Mont. April 4, 2023); *Pallister v. Montana Fifth Judicial District Court*, OP 23-0175, Or. (Mont. March 28, 2023).

Court found, "it is apparent that many of [counsel's] accusations take Judge Dayton's statements out of context while others mischaracterize the proceedings. The remainder of the statements that [counsel] asserts are evidence of bias simply do not provide such evidence and thus do not satisfy § 3-1-805(1)(b), MCA." *State v. Griebel*, PR 23-0001, Or. at *1 (Mont. June 13, 2023).[4]  The Court also noted that to the extent Griebel relied upon adverse rulings from Judge Dayton to support his request for disqualification, such an allegation was insufficient and the rulings could be addressed on appeal from the final judgment. *Id.*   A review of the state district court docket indicates that the motion to disqualify was denied by Judge Dayton on June 28, 2023.

ii.    **Analysis**

As a preliminary matter, it appears Griebel misapprehends the meaning of "clearly established federal law" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  This phrase refers to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Murray v. Schriro*, 745 F. 3d 984 (9th Cir. 2014).  Griebel points to *Franks v. Delaware* as the primary authority providing that a state court must allow a criminal defendant to request a hearing to

---

[4] Griebel did not attach a copy of this Order as an exhibit to his petition.  For purposes of clarity, the Clerk of Court will be directed to do so.

challenge a criminal complaint or information. (*See* Doc. 1 at 15-16, 18-30.) But as set forth above, *Franks* applies to a search warrant challenge. *See* f.n. 2, *supra*. Griebel fails to cite one Supreme Court holding that establishes a criminal defendant's right to a *Franks*-type hearing in the context of a challenge to a charging document. Accordingly, there is no clearly established federal law to support Griebel's position.

Moreover, it is apparent from the face of the petition that Griebel seeks to challenge the charges and proceedings currently pending against him in state court. The habeas corpus provisions of 28 U.S.C. § 2254 are applicable to "a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a), (b)(1). As a pretrial detainee, Griebel is not in custody pursuant to a state court judgment within the meaning of 28 U.S.C. § 2254. Thus, the statue is inapplicable to him.

This Court has jurisdiction, however, to consider the pending petition brought by a pretrial detainee, under 28 U.S.C. § 2241. This statute "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody

6

pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

When challenging ongoing criminal proceedings, however, principles of comity and federalism weigh against federal courts interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger*, 401 U.S. at 45-46. Irreparable injury does not exist in such situations where the threat to a petitioner's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.' " *Id*. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-(1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial

proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A petitioner may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (*quoting Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

The Court finds all *Younger* requirements are satisfied in the present matter and declines to intervene. Griebel is presently detained on a deliberate homicide charge and is scheduled for a jury trial in September. Thus, the matter is ongoing. Second, Griebel's criminal proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, Griebel has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He has made a sufficient record regarding both the *Franks* hearing

8

and judicial disqualification claims and he may raise the same on direct appeal.
*See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should
assume that state procedures will afford an adequate remedy, in the absence of
unambiguous authority to the contrary."). In fact, the Montana Supreme Court has
advised Griebel twice that direct appeal is the proper vehicle with which to mount
his pretrial challenges. *See Griebel v. Sixth Judicial District Court*, OP 23-0158,
Or. (March 21, 2023); *see also State v. Griebel*, PR 23-0001, Or. (Mont. June 13,
2023). Finally, granting relief in the instant matter would have the practical effect
of enjoining Griebel's ongoing state proceedings. Griebel has not shown
irreparable injury will occur without this Court's intervention or demonstrated any
other extraordinary circumstance. Because there is no compelling reason for this
Court to intervene, it will abstain. *Younger* provides a basis for dismissal.

   iii.   **Certificate of Appealability**

      Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this
Court must issue or deny a certificate of appealability when it enters a final order
adverse to the applicant. A certificate of appealability may issue only "if the
applicant has made a substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253( c)(2). The standard is satisfied if "jurists of reason could
disagree with the district court's resolution of [the] constitutional claims" or
"conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth herein, Griebel has not made a substantial showing of the denial of a constitutional right. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Griebel's Petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to file a copy of the Register of Action for *State v. Griebel*, Cause No. DC-22-33 (Sixth Judicial District, Park County) as an attachment to this Order. The Clerk of Court is also directed to file a copy of *State v. Griebel*, Cause No. PR 23-0001, Or. (Mont. June 13, 2023) as an attachment to this Order.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 7th day of August, 2023.

Susan P. Watters
United States District Court Judge

10